1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JON NICHOLSON,                          No.  2:19-cv-0070 KJN P

12                 Plaintiff,

13        v.                                 ORDER

14   RICHARD WEISS, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

Named as defendants are Dr. Weiss, Dr. Matharu, Nurse Levey and Jean Weiss. Plaintiff alleges that defendants provided inadequate medical care in violation of the Eighth Amendment and retaliated against him.

<u>Eighth Amendment Claims</u>

*Legal Standard*

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Id.</u> (some internal quotation marks omitted) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) (citations omitted); <u>Toguchi</u>, 391 F.3d at 1058 (citation omitted). To establish a difference of

opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

*Plaintiff's Claims*

Plaintiff alleges that defendant Matharu acted with deliberate indifference by failing to order a second MRI. Attached to plaintiff's complaint is a copy of a report from an MRI done on plaintiff's brain on September 10, 2018. (ECF No. 1 at 9.) The report states that defendant Matharu ordered the report. (<u>Id.</u>) The report describes plaintiff's clinical history as "sensorineural hearing loss." (<u>Id.</u>) Thus, it appears that plaintiff received the MRI because of hearing loss.

The report concludes, "Impression: 1. Negative MRI of the Brain. 2. No Acute Infarct, Hemorrhage, or Mass Identified. 3. A dedicated MRI of the internal auditory canals with and without gadolinium may be helpful for further evaluation, as clinically indicated." (<u>Id.</u>)

Plaintiff appears to claim that defendant Matharu acted with deliberate indifference by failing to order a "dedicated MRI of the internal auditory canals with and without gadolinium."

Plaintiff alleges that on September 14, 2018, he was seen by defendant Dr. Weiss, his primary care physician. During this examination, plaintiff complained about his "ear trauma." Defendant Dr. Weiss determined that plaintiff required no further testing. Plaintiff alleges that after this examination, he continued to suffer extreme pain.

Plaintiff alleges that on September 19, 2018, he saw defendant Levey due to severe headaches. Plaintiff alleges that defendant Levey offered over the counter pain medication and did not refer him to a neurologist.

Plaintiff alleges that he saw defendant Dr. Weiss on September 24, 2018. During this examination, defendant Weiss diagnosed plaintiff with tilted tinnitus. Plaintiff alleges that defendant Weiss was not qualified to make this diagnosis because he was not a neurologist.

Plaintiff alleges that on October 4, 2018, an audiologist recommended hearing aids for plaintiff.

////

4

Plaintiff alleges that on October 17, 2018, he again saw defendant Levey, who was not qualified to treat his injuries, and should have referred him to a neurologist.

The gravamen of plaintiff's claims against defendants Dr. Weiss and Levey appears to be that they failed to refer plaintiff to a neurologist. Plaintiff also alleges that defendant Levey denied him adequate pain medication.

*Discussion—Defendant Matharu*

Plaintiff alleges that defendant Matharu should have ordered an MRI of his auditory canal. For the reasons stated herein, the undersigned finds that plaintiff has not plead sufficient facts demonstrating that defendant Matharu acted with deliberate indifference.

The MRI report indicates that defendant Matharu ordered an MRI of plaintiff's brain based on plaintiff's hearing loss. The MRI of the brain was negative, but the report concluded that an MRI of plaintiff's auditory canal "may be helpful for further evaluation, as clinically indicated." The report did not state that an MRI of plaintiff's auditory canal was medically necessary.

Plaintiff pleads no facts supporting his claim that an MRI of his auditory canal was medically necessary. Plaintiff's receipt of hearing aids demonstrates that his hearing loss, for which defendant Matharu ordered the brain MRI, did not go untreated. Plaintiff's belief that he should have received an MRI of his auditory canal constitutes a difference of opinion between himself and defendant Matharu, which does not give rise to an Eighth Amendment claim. See Vaught v. Miranda, 2012 WL 525573 at *11 (E.D. Cal. 2012), aff'd 502 Fed.Appx. 709 (9th Cir. 2013 ("Plaintiff's belief that he should have received a MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."); Lively v. Tovar, 2012 WL 838483, at *5 (S.D. Cal. Feb. 14, 2012) ("Even if [p]laintiff's self-diagnosis were correct, this would not amount to deliberate indifference.").

Accordingly, the Eighth Amendment claim against defendant Matharu is dismissed with leave to amend.

////

////

*Discussion--Defendants Dr. Weiss and Levey*

For the reasons stated herein, the undersigned finds that plaintiff has not plead sufficient facts demonstrating that defendants Dr. Weiss and Levey acted with deliberate indifference.

Plaintiff has not plead sufficient facts demonstrating that defendants' refusal to refer him to a neurologist to diagnose and treat his tinnitus was medically unacceptable. Plaintiff does not specifically allege why he believes he should have seen a neurologist for his tinnitus. Plaintiff does not allege that he was misdiagnosed with tinnitus. Plaintiff also does not describe what additional treatment he would have received from a neurologist for this condition. Plaintiff's belief that he should have been referred to a neurologist constitutes a mere difference of opinion, and such differences in opinion do not give rise to an Eighth Amendment claim. See Vaught v. Miranda, supra; Lively v. Tovar, supra.

Plaintiff also alleges that defendant Levey failed to provide him with adequate pain medication on one occasion. As plead, plaintiff has not alleged sufficient facts demonstrating that defendant Levey acted with deliberate indifference by providing plaintiff with over the counter pain medicine. Plaintiff's claim that he required stronger pain medication demonstrates a difference of opinion between himself and defendant Levey regarding the appropriate medication for his pain, which does not rise to an Eighth Amendment claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

For the reasons discussed above, plaintiff's Eighth Amendment claims against defendants Levey and Dr. Weiss are dismissed with leave to amend.

Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).

////

Plaintiff alleges that defendants Dr. Weiss, Jean Weiss and Nurse Levey conspired to retaliate against plaintiff for filing grievances. Plaintiff alleges that defendants retaliated against him by denying him adequate medical care.

Plaintiff's retaliation claim is vague and conclusory. Plaintiff does not allege when he filed the grievances on which his retaliation claim is based. In addition, plaintiff has pled no facts from which it may be inferred that the alleged denial of medical care was motivated by retaliation. For these reasons, plaintiff's retaliation claim is dismissed.

Conclusion

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Nich70.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON NICHOLSON,

            Plaintiff,

   v.

RICHARD WEISS, et al.,

            Defendants.

No. 2:19-cv-0070 KJN P

NOTICE OF AMENDMENT

      Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED:       _____      Amended Complaint

                                     _____

                                     Plaintiff